**UNITED STATES of America,**
Appellee,

v.

**Francis Patrick KOLAWOLE,**
Defendant–Appellant.

**No. 00–1462.**

United States Court of Appeals,
Second Circuit.

Jan. 17, 2001.

**94**

Richard D. Willstatter, Green & Willstatter, White Plains, NY, for appellant.

Pamela Chen, Ass't U.S. Att'y, EDNY, Brooklyn, NY, for appellee.

Present KEARSE, JACOBS, and JOSÉ A. CABRANES, Circuit JJ.

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States District Court for the Eastern District of New York, and was submitted by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

■ Defendant Francis Patrick Kolawole appeals from a judgment entered in the United States District Court for the Eastern District of New York following his plea of guilty before Reena Raggi, *Judge,* convicting him of conspiracy to steal mail, in violation of 18 U.S.C. § 371, and theft of mail, in violation of 18 U.S.C. § 1708; sentencing him principally to 10 months' imprisonment, to be followed by a three-year term of supervised release; and imposing a fine of $5,000. On appeal, Kolawole contends principally that, in calculating his criminal history category, the district court erred by relying on an unreliable hearsay

statement by his coconspirator Gary Lynch. For the reasons that follow, we affirm.

■ First, "[w]here the Guidelines provide overlapping ranges of imprisonment, and the sentence actually imposed is in the area of overlap and the sentencing court has indicated that it would have imposed the same sentence whichever range applied, there is no basis for reversal on appeal." *United States v. Rivera,* 22 F.3d 430, 439 (2d Cir.1994); *see United States v. Bermingham,* 855 F.2d 925, 934–35 (2d Cir.1988). In the present case, the range found applicable by the district court was 6–12 months; the range for which Kolawole argued was 4–10 months. The district court stated:

I'll sentence you to the custody of the Attorney General for ten months, and I base this on the totality of the circumstances before me. I find it to be the appropriate sentence under this particular guideline. I think it would have been the appropriate sentence under the other guidelines for which your lawyer argued.

Thus, the district court indicated that it would have imposed the same 10–month sentence whichever range applied.

Second, even if the district court had not so indicated, its reliance on Lynch's statement that he had been passing stolen credit cards to Kolawole for some two years— *i.e.,* during a period that overlapped Kolawole's term of probation, which ended 95 days prior to Lynch's arrest—provides no basis for reversal. The court's discretion in determining an appropriate sentence "is largely unlimited either as to the kind of information [the court] may consider, or the source from which it may come." *United States v. Sisti,* 91 F.3d 305, 312 (2d Cir.1996) (internal quotation marks omitted). The court is free to consider hearsay evidence and evidence of un-

charged crimes, so long as it permissibly concludes that the evidence is reliable. *See, e.g., Townsend v. Burke,* 334 U.S. 736, 740–41, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); *United States v. Sisti,* 91 F.3d at 312; *United States v. Pugliese,* 805 F.2d 1117, 1122, 1124 (2d Cir.1986). In reviewing a sentencing challenge, we must "accept the findings of fact of the district court unless they are clearly erroneous." 18 U.S.C. § 3742(e); *see, e.g., United States v. Johnson,* 221 F.3d 83, 94 (2d Cir.2000).

In the present case, the district court carefully evaluated all of the evidence, weighing factors suggesting that Lynch had been truthful about his past involvement with Kolawole, against those that might suggest he had been lying. The court also considered the fact that Kolawole, upon his arrest, was found to have in his possession stolen credit cards that were not among those he had received that day, permitting a corroborating inference that he and Lynch had an ongoing collaboration. We conclude that it was well within the province of the court to conclude that Lynch's hearsay statement was reliable, and that the finding that Kolawole had engaged in criminal behavior during the two-year period indicated by Lynch, which overlapped a period in which Kolawole was on probation, is not clearly erroneous.

We have considered all of Kolawole's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.